UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDNA C. WILLIAMS,

     Plaintiff,

v.                                        Case No. 3:19cv75-RV-CJK

COMMUNITY HEALTH
NORTHWEST FLORIDA,

     Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court upon plaintiff's complaint. (Doc. 1). The complaint was not accompanied by the $400 filing fee or a motion to proceed *in forma pauperis*. Nevertheless, the undersigned recommends that the complaint be dismissed because it fails to state a viable federal claim, and amendment would be futile.

BACKGROUND

The complaint sets forth the factual allegations that follow, the truth of which is accepted for purposes of this Report and Recommendation. Plaintiff is a patient of Dr. Rogelio Sampson at defendant Community Health Northwest Florida ("CHNF"). Dr. Sampson previously prescribed oxycodone to plaintiff for pain but recently ended the prescription. Plaintiff says Dr. Sampson's actions caused her to

experience pain and withdrawals.   She attempted to contact Dr. Sampson "to alleviate the problem" but was unable to speak to the doctor.  Based on the foregoing, plaintiff alleges Dr. Sampson and his employer, CHNF, violated the Eighth Amendment and committed medical malpractice.

DISCUSSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).   "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).

Here, plaintiff's Eighth Amendment claim is without arguable merit because the amendment applies only to prisoners.  *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1295 (11th Cir. 2005) (holding the Eighth Amendment "applies only to punishments inflicted after conviction for crimes, not to life support or medical treatment decisions"); *Campbell v. Sikes*, 169 F.3d 1353, 1362 (11th Cir. 1999) ("The Eighth Amendment governs the conditions under which convicted prisoners

are confined and the treatment they receive while in prison.") (citation omitted);
*Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth
amendment . . . applies only to confinement that occurs subsequent to and as a
consequence of a person's lawful conviction of a crime.").  Because plaintiff could
not amend the complaint to state a viable federal claim, this case should be dismissed
without providing plaintiff with an opportunity to amend the complaint.  *See Surtain
v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (holding before
"dismissing an action on its own motion, a court must provide the plaintiff with
notice of its intent to dismiss and an opportunity to respond" except "when amending
the complaint would be futile, or when the complaint is patently frivolous") (citation
omitted).

In addition, plaintiff's state-law claim for medical malpractice should be
dismissed without prejudice.  Title 28 U.S.C. § 1367(c)(3) provides that the district
court may decline to exercise supplemental jurisdiction over claims after it has
dismissed all claims over which it has original jurisdiction.  "Where § 1367(c)
applies, considerations of judicial economy, convenience, fairness, and comity may
influence the court's discretion to exercise supplemental jurisdiction."  *Baggett v.
First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations
omitted).  The Eleventh Circuit has "encouraged district courts to dismiss any
remaining state claims when, as here, the federal claims have been dismissed prior

to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (*citing*

*L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

Accordingly, it is ORDERED:

1.     The clerk is directed to send a copy of this Report and Recommendation

to plaintiff at 26 Moreno Court, Pensacola, Florida 32507.

And it is respectfully RECOMMENDED:

1.     That plaintiff's complaint (doc. 1) be DISMISSED WITHOUT

PREJUDICE due to plaintiff's failure to state a federal claim on which relief may be

granted.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of January, 2019.


*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served on the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.